[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE (#140)
On or about May 21, 2001, the defendants, Camp Realty, LLC, Montano Realty Associates, LLC and Gary V. Montaono, pursuant to Practice Book § 10-39 et seq., moved to strike counts 7, 8, 9, 22, 23 and 24 in their entirety; paragraph 10(c) and 13(c) of counts, 1, 2, 3, 4, 5, 6, 16, 17, 18, 19, 20 and 21; and moved to strike alleged cumulative paragraphs allegedly contained in all 30 counts of the plaintiffs' Third Amended Complaint. CT Page 11784
 BACKGROUND
There are two plaintiffs and three defendants in this action. The first-named plaintiff, Mary Ciesluk, owns a piece of land located at 43 Bailey Lane in Milford, Connecticut. The second-named plaintiff, Phyllis Rice, owns a piece of land located at 37 Bailey Lane in Milford. The defendants, Camp Realty, L.L.C. (Camp Realty), Montano Realty Associates, L.L.C. (Montano Realty), and Gary V. Montano own a piece of land located at Boston Post Road, abutting the northern section of Ciesluk's property and the southern and eastern sections of Rice's property. The plaintiffs allege that beginning in the early summer of 1999, the defendants entered upon the plaintiffs' properties without their consent. The plaintiffs further allege that on both of the plaintiffs' properties, the defendants cut down trees and shrubbery; stripped topsoil, installed central air conditioning units and deposited a rocky foreign material.
The plaintiffs commenced this action on April 24, 2000. The Third Amended Complaint filed May 28, 2001, alleges, in 30 counts, trespass, nuisance, violations of the Connecticut Unfair Trade Practices Act (CUTPA), unjust enrichment and negligence. Counts 1, 2 and 3 allege trespass against Ciesluk by Camp Realty, Montano Realty and Montano, respectively. Counts 4, 5 and 6 allege nuisance against Ciesluk by Camp Realty, Montano Realty and Montano, respectively. In Counts 7, 8 and 9, Ciesluk alleges violations of CUTPA by Camp Realty, Montano Realty and Montano, respectively. Counts 10, 11 and 12 assert claims for unjust enrichment by Ciesluk against Camp Realty, Montano Realty and Montano, respectively. Counts 13, 14 and 15 assert claims for negligence by Ciesluk against Camp Realty, Montano Realty and Montano, respectively. Counts 16, 17 and 18 allege trespass against Rice by Camp Realty, Montano Realty and Montano, respectively. Counts 19, 20 and 21 allege nuisance against Rice by Camp Realty, Montano Realty and Montano, respectively. In Counts 22, 23 and 24, Rice alleges violations of CUTPA by Camp Realty, Montano Realty and Montano, respectively. Counts 25, 26 sand 27 assert claims for unjust enrichment by Rice against Camp Realty, Montano Realty and Montano, respectively. Counts 28, 29 and 30 assert claims for negligence by Rice against Camp Realty, Montano Realty and Montano, respectively.
The defendants have moved to strike paragraph 10(c) of Counts 1, 2, 3, 4, 5, 6, 16, 17, 18, 19, 20, and 21 on the ground that Connecticut does not recognize a cause of action for emotional distress where the underlying injury involves only damage to property. The defendants also move to strike the following counts and paragraphs on the ground that the claims for damages within these counts and paragraphs allege cumulative damages and, therefore, are legally insufficient as a matter of law: CT Page 11785 Counts 1, 2, 3, 7, 8, 9, 13, 13, 14, 15, 16, 17, 18, 22, 23, 24, 28, 29 and 30; Paragraph 13 of Counts 4, 5, 6, 19, 20 and 21; and Paragraph 17 of Counts 10, 11, 12, 25, 26, and 27. Lastly, the defendants move to strike Counts 7, 8, 9, 22, 23, and 24 on the ground that these counts fail to allege sufficient facts to support a cause of action for an alleged violation of CUTPA.
 DISCUSSION
The purpose of a motion to strike is to "challenge the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). In determining the sufficiency of a complaint, "all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641, 667, 748 A.2d 834
(2000). The court must construe the complaint "in the manner most favorable to sustaining its legal sufficiency." Id. "[W]here individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs. . . . A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated." (Internal quotation marks omitted.) Zimmermann v. ConnecticutCollege, Superior Court, Judicial District of New London, Docket No. 544623 (July 2, 1998, Handy, J.); see also Zamstein v. Marvasti,240 Conn. 549, 553, 692 A.2d 781 (1997) (trial "court struck paragraph twenty-eight of the plaintiff's complaint because the court construed it as a claim for loss of filial consortium. . . .")
 DAMAGES DUE TO EMOTIONAL DISTRESS
In Paragraph 10(c) of Counts 1, 2, 3, 4, 5, 6, 16, 17, 18, 19, 20 and 21, the plaintiffs claim that they have "suffered and continued to suffer . . . physical and emotional distress" as a result of the defendants' actions. The defendants have moved to strike all these paragraphs from the plaintiffs' complaint. As explained above, however, a motion to strike may not be used to attack individual paragraphs of a count unless the subject paragraph may be construed to bring a separate cause of action. Zamstein v. Marvasti, supra, 240 Conn. 553; Zimmermann v.Connecticut College, supra, Superior Court, Docket No. 544623. A paragraph sets out a separate cause of action where the subject paragraph "attempts to set forth all of the essential allegations of a cause of action or defense." Garcia v. ITT Hartford Ins. Co., Superior Court, CT Page 11786 Judicial District of Hartford, Docket No. 579974 (December 8, 1998,Peck, J.) (23 Conn. L. Rptr. 450, 453 n. 1). But see Smith v. BridgeportFutures Initiative, Inc., Superior Court, Judicial District of Fairfield, Docket No. 326697 (August 13, 1996, Levin, J.) (17 Conn. L. Rptr. 412). Where a paragraph merely sets out a claim for damages, that paragraph does not set out a separate cause of action. Smith v. Trinity College, Superior Court, Judicial District of Hartford, Docket No. 595514 (September 8, 2000, Fineberg,J.) (denying a motion to strike a paragraph claiming emotional distress damages); Moss Ledge Assn. v. FirestoneBuilding Products, Co., Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 170167 (October 27, 1999,Karazin, J.) (denying the defendant's motion to strike because "no cause of action exists in the plaintiff's assertion of damages"). In this case, then, Paragraph 10(c) cannot properly be the subject of a motion to strike, since it merely asserts that the plaintiff suffered physical and emotional injury. Therefore, the defendants' motion to strike this paragraph, in all of the above-listed counts, is denied.
 CUMULATIVE DAMAGES
The defendants also move to strike Counts 1, 2, 3, 7, 8, 9, 13, 14, 15, 16, 17, 18, 22, 23, 24, 28, 29 and 30; Paragraph 13 of Counts 4, 5, 6, 19, 20 and 21; and Paragraph 17 of Counts 10, 11, 12, 25, 26 and 27 on the ground that the claims for damages within these counts and paragraphs allege cumulative damages and, therefore, are legally insufficient as a matter of law.
For the same reasons as those articulated above, the defendants' motion to strike paragraph 13 of Counts 4, 5, 6, 19, 20, and 21, along with Paragraph 17 of Counts 10, 11, 12, 25, 26 and 27 is denied. Since the subject paragraphs merely assert claims for damages, they do not set out a separate cause of action and are not properly subject to a motion to strike. See Smith v. Trinity College, supra, Superior Court, Docket No. 595514.
As to those counts which the defendants move to strike in their entirety, the court must decide whether those counts are subject to a motion to strike on the ground that they allege cumulative damages. Practice Book § 10-25 provides that "[t]he plaintiff may claim alternative relief, based upon an alternative construction of the cause of action." The Supreme Court has interpreted this provision to permit a plaintiff "to advance alternative and even inconsistent theories of liability against one or more defendants in a single complaint." Dreierv. Upjohn Co., 196 Conn. 242, 245, 492 A.2d 164 (1985). "While alternative and inconsistent pleading is permitted, there is a limitation CT Page 11787 of good faith upon its use. . . . alternative pleading is justified only when the pleader does not know all the facts necessary to make an election." Devita v. Esposito, 13 Conn. App. 101, 105, 535 A.2d 364
(1987), cert. denied, 207 Conn. 807, 540 A.2d 375 (1988).
The defendants argue that because the plaintiffs have brought 30 "repetitive counts," the court should infer that the plaintiffs know the facts necessary to make an election among theories of liability. (Defendants' Memorandum of Law, p. 10.) The court is at a loss to understand the logic of this argument, which implies that the greater the number of theories a plaintiff sues upon, the more likely it is that the plaintiff should know which theory to elect. Surely, the number of theories the plaintiff has chosen to plead in the alternative suggests exactly the opposite conclusion. The defendants, in fact, do not point to anything about the facts set forth in the complaint to suggest that the plaintiffs know all the facts necessary to elect one theory. Since the court's analysis is confined to the four corners of the pleadings; RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153
(1994); and every favorable inference must be given to the complaint of the non-moving party; Amodio v. Cunningham, 182 Conn. 80, 82, 438 A.2d 6
(1980); the court finds that there is no evidence that the plaintiff acted in bad faith by pleading in the alternative.
Further, the defendants' reliance on Atlas Construction Co. v. AmityRegional School District No. 5, Superior Court, Judicial District of New Haven, Docket No. 405442 (March 25, 1999, Moran, J.), is misplaced. In that case, though the court noted that a defendant may move to strike counts that cumulate damages, it characterized the claims for damages in each of the counts as "prayers for relief," and held that there is no rule that "specifically proscribes incorporating a prior count's prayer for relief." Id. Atlas Construction, then, does not stand for the proposition that a plaintiff may not incorporate a claim for damages from a prior count. In this case, though the plaintiff did not literally incorporate claims for damages from prior counts, but instead reiterated the damages claim in each count, the effect is the same as incorporation. Therefore, the defendants' motion to strike Counts 1, 2, 3, 7, 8, 9, 13, 14, 15, 16, 17, 18, 22, 23, 24, 28, 29 and 30 on the ground that those counts cumulate damages is denied.
 CUTPA
The defendants also move to strike counts 7, 8, 9, 22, 23 and 24 of the complaint on the ground that the plaintiffs have failed to allege sufficient facts to support a cause of action for an alleged violation of CUTPA. The defendants argue that the plaintiffs fail to allege that they belong to one of the classes that CUTPA was designed to protect. The CT Page 11788 plaintiffs respond that because the defendants at one time offered to purchase their real estate, an offer which the plaintiffs rejected, there exists, at this time, a business relationship between the plaintiffs and the defendants.
General Statutes § 42-110b (a), the operative subsection of CUTPA, provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." The Supreme Court has held that CUTPA "applies to a broad spectrum of commercial activity." Larsen Chelsey Realty Co. v. Larsen,232 Conn. 480. 492, 656 A.2d 1009 (1995). "CUTPA is not limited to conduct involving consumer injury . . . a competitor or other business person can maintain a CUTPA cause of action without showing consumer injury." (Internal quotations marks omitted.) Fink v. Golenbock,238 Conn. 183, 215, 680 A.2d 1243 (1996). The plaintiffs, however, have not made any allegations that they are consumers, competitors or some "other business person" engaged in trade or commerce with the defendants. The plaintiffs' argument that a rejected offer to purchase real estate creates a business relationship that survives the rejection does not satisfy this requirement. The plaintiffs offer no authority to support this claim. Therefore, the CUTPA counts are legally insufficient and the defendants' motion to strike Counts 7, 8, 9, 22, 23 and 24 of the complaint is granted.
 CONCLUSION
For the foregoing reasons, the defendants' Motion to Strike Counts 7, 8, 9, 22, 23 and 24 is granted. Further, the defendants' Motion to Strike Paragraph 10(c) of Counts 1, 2, 3, 4, 5, 6, 16, 17, 18, 19, 20, and 21 is denied. Lastly, the defendants' Motion to Strike Counts 1, 2, 3, 7, 8, 9, 13, 14, 15, 16, 17, 18, 22, 23, 24, 28, 29 and 30; Paragraph 13 of Counts 4, 5, 6, 19, 20 and 21; and Paragraph 17 of Counts 10, 11, 12, 25, 26 and 27 is denied.
So ordered.
The Court
By, Sequino, J.